IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

AARON E. RICHARDS,

        Plaintiff,

v.                           CIVIL ACTION NO. 3:08-0079

CSX TRANSPORTATION, INC.,
a corporation,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant CSX Transportation, Inc.'s Bill of Costs. Judgment was entered against Plaintiff Aaron E. Richards on July 21, 2009. Accordingly, CSX Transportation filed a Bill of Costs on August 20, 2009 (Doc. 85). Plaintiff objects to the Bill of Costs with respect to the videographer's fees for the depositions of himself and R. Patrick Lee (Doc. 86).

Federal Rule of Civil Procedure 54(d)(1) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney fees – should be allowed to the prevailing party." FRCP 54(d)(1). The costs a court may award to a prevailing party are identified in 28 U.S.C. § 1920. In the instant case, the Bill of Costs submitted by Defendant tracked the list of allowable costs provided for in 28 U.S.C. § 1920. Specifically, the Bill of Costs, which totaled $2,173.29, included $2,140.79 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and $32.50 for "[o]ther costs." A list attached to the bill delineated $2,140.79 of that amount is for depositions. Defendant also attached receipts itemizing the breakdown of each charge.

Plaintiff objects to $435.50 sought for videotaping him and $427.00 for videotaping Mr. Lee. *See* Doc. 86. Plaintiff argues the videotaping was unnecessary as he was required to be at trial and Mr. Lee would have been present at trial. *Id.* Defendant has not responded to the objection.

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are identified as an allowable cost in 28 U.S.C. § 1920(2). A district court has wide discretion in determining and awarding costs. *See Cherry v. Champion International Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). Nonetheless, there is a presumption that a prevailing party is entitled to allowable costs and it is incumbent upon a losing party to overcome this presumption. *Id.* Thus, once a cost is deemed to be allowable – unless the losing party overcomes the presumption of award – the cost is taxed if reasonable and necessary. *Id.* As Defendant has not replied to Plaintiff's objection to the videotaping fees and Defendant filed a revised Bill of Costs deleting similar fees in a nearly identical situation,[1] the Court finds in its discretion that the videotaping fees were unnecessary in this case and reduces the costs by a total of $862.50. The Court **FINDS** the remainder of the costs sought by Defendant allowable, reasonable and necessary and **GRANTS** Defendant's Bill of Costs in the revised amount of $1,310.79.

---

[1] *See Uhl v. CSX Transportation, Inc.*, No. 3:08-0064 (S.D. W. Va.).

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:       September 15, 2009

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE